IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSS J. SEGREAVES, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-1089 |
| | : | |
| JUDGE JENNIFER SLETVOLD, | : | |
|     Defendant. | : | |

**MEMORANDUM**

**YOUNGE, J.**                                                                                                                                                                                  **MAY 27th, 2025**

    Plaintiff Ross J. Segreaves initiated this civil action by filing a *pro se* Complaint against Judge Jennifer Sletvold. (ECF No. 1.) He seeks leave to proceed *in forma pauperis*. (ECF No. 12.) For the following reasons, the Court will grant Segreaves leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.     FACTUAL ALLEGATIONS**[1]

    Segreaves states that he sent "correspondence" directly to Judge Sletvold in 2021 "requesting her recusal." (Compl. at 12.) The Court takes judicial notice that Judge Sletvold presided over two proceedings in the Northampton County Court of Common Pleas in which Segreaves was a defendant, and both dockets indicate that Segreaves sent voluminous "Pro Se

---

[1] The facts set forth in this Memorandum are taken from Segreaves's Complaint (ECF No. 1). The Court adopts the pagination assigned by the CM/ECF docketing system. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up. The Court may consider matters of public record when conducting a screening under § 1915. *See Buck v. Hampton Twp. Sch. Dist.,* 452 F.3d 256, 260 (3d Cir. 2006)). The Court may also take judicial notice of prior court proceedings. *See In re Ellerbe*, No. 21-3003, 2022 WL 444261, at *1 (3d Cir. Feb. 14, 2022) (*per curiam*) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988)).

Correspondence" to the court in 2021, and throughout the duration of those proceedings. *See Commonwealth v. Segreaves*, Nos. CP-48-CR-0001443-2018 & CP-48-MD-0000197-2017 (C.P. Northampton); *see also Segreaves v. Segreaves*, 280 A.3d 4 (Pa. Super. Ct. 2022) (unpublished table decision), 2022 WL 1301976, at *1-4 (detailing Segreaves's various criminal convictions and sentences of incarceration between 2018 and 2021). Segreaves asserts that, sometime after he sent correspondence in 2021, Judge Sletvold "directly contacted [the] Captain of Security, Mr. Dunkle of SCI Mahanoy Prison to have [Segreaves] thrown into the Hole/RHU."[2] (Compl. at 12.) Segreaves also states that in 2023, he sent an "online news article to the members of the Judicial Election Board to sabotage the election in order to prevent Judge Sletvold's re-election," and that Judge Sletvold contacted the "Security Deputy" at SCI Phoenix "to have [him] thrown into the Hole / RHU and [he] was placed in the Hole under investigation from 9/19/2023 to 9/21/2023." (*Id.*)

Segreaves asserts that because he is "a sufferer of mental illness . . . such placement is detrimental to [his] mental health as [he has] a high risk of suicide." (*Id.*) He states that he is "suing Judge Sletvold for acting outside her judicial capacity." (*Id.*) He seeks one million dollars in damages. (*Id.*)

## II.   STANDARD OF REVIEW

The Court will grant Segreaves leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen and dismiss the Complaint if it is frivolous,

---

[2] In his Complaint, Segreaves refers to exhibits that have been entered on the docket as attachments to his Motion to Appoint Counsel. (*See* ECF No. 4 at 2-3.)

[3] Because Segreaves is incarcerated, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

malicious, fails to state a claim, or seeks relief from an immune defendant. Whether a complaint fails to state a claim to relief under § 1915(e)(2)(B)(ii) is an inquiry governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. The Court must also dismiss any claims that seek monetary relief from an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). As Segreaves is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

Segreaves brings claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. (*See* Compl. at 3.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Judges are entitled to absolute immunity from § 1983 civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they did not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-

04 (3d Cir. 2006) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).  Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others, *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).  On the face of Segreaves's Complaint, he seeks money damages from Judge Sletvold, who is immune from such suits.  Accordingly, to the extent that Judge Sletvold's actions were taken within the scope of her judicial capacity, they must be dismissed.

However, Segreaves argues that Judge Sletvold "act[ed] outside of her judicial capacity," so judicial immunity "is non-applicable." (Compl. at 12.)  Even if he were correct, his claims still fail.  First, any claim based on events in 2021 is untimely.  Section 1983 claims, such as those brought by Segreaves, are subject to the state statute of limitations for personal injury actions.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In Pennsylvania, that limitations period is two years.  *See* 42 Pa. Cons. Stat. § 5524.  A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted).  In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).  This is consistent with Pennsylvania's "discovery rule," which delays

4

the running of the statute of limitations where "despite the exercise of reasonable diligence," a plaintiff cannot know that he is injured and by what cause. *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005). Any claim based on events in 2021 is untimely, since this case was brought well beyond the statute of limitations in February 2025.

Second, Segreaves's factual assertions do not support a plausible claim to relief in any event. Segreaves's purported injury is his placement in restricted housing. These allegations are best construed as due process claims.[4] It is well settled that prisoners have no inherent constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment. *See Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) (holding that the Constitution does not give rise to liberty interest in avoiding transfers to more adverse conditions of confinement); *Lane v. Tavares*, No. 14-991, 2016 WL 7165750, at *16 (M.D. Pa. July 12, 2016) (same). Rather, in the prison context, "[d]ue process protection for a state created liberty interest is . . . limited to those situations where deprivation of that interest 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "[C]onfinement in administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest." *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002) (quoting *Sandin*, 515 U.S. at 486)).

---

[4] To the extent Segreaves cites to the Eighth Amendment, he has not alleged a plausible basis for a claim under that provision with respect to his placement in the RHU. *See, e.g.*, *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) ("[S]o long as the conditions of . . . confinement are not foul or inhuman, and are supported by some penological justification, they will not violate the Eighth Amendment.").

"When considering whether an inmate's placement in segregated housing triggers a legally cognizable interest courts should consider: (1) the amount of time spent in segregation; and (2) whether the conditions of segregation were significantly more restrictive than those imposed on other inmates in segregation." *Allah v. Bartkowski*, 574 F. App'x 135, 139 (3d Cir. 2014) (*per curiam*) (citing *Shoats v. Horn,* 213 F.3d 140, 144 (3d Cir. 2000)).  In *Sandin*, the Supreme Court concluded that placement in disciplinary segregation for thirty days did not deprive the inmate of a protected liberty interest.  *See Sandin*, 515 U.S. at 486.  The United States Court of Appeals for the Third Circuit has held that "[p]lacement in administrative segregation for days or months at a time . . . do[es] not implicate a protected liberty interest."  *Arango v. Winstead*, 352 F. App'x 664, 666 (3d Cir. 2009) (*per curiam*) (citing *Torres v. Fauver*, 292 F.3d 141, 150 (3d Cir. 2002)).

Here, Segreaves alleges that he was held in administrative segregation for three days in 2023.[5]  (*See* Compl. at 12.)  That is not the type of atypical or significant hardship sufficient to trigger due process concerns.  *See Smith*, 293 F.3d at 654 (no liberty interest triggered by seven-month placement in disciplinary confinement); *Griffin v. Vaughn*, 112 F.3d 703, 708 (3d Cir. 1997) (holding that " exposure to the conditions of administrative custody for periods as long as 15 months falls within the expected parameters of the sentence imposed [. . .] by a court of law" and does not constitute a due process violation (quotation omitted)); *see also Williams v. Armstrong*, 566 F. App'x 106, 108 (3d Cir. 2014) (*per curiam*) (prisoner failed to allege liberty interest based on four-month placement in the RHU); *Williams v. Bitner*, 307 F. App'x 609, 611 (3d Cir. 2009) (*per curiam*) (no liberty interest triggered by 90-day placement in disciplinary

---

[5]  Although Segreaves does not state whether or for how long he was placed in the RHU in 2021, that claim is untimely anyhow, for the reasons discussed above.

segregation). Since Segreaves's three-day placement in administrative segregation is not sufficient to establish the kind of "atypical" deprivation of prison life that would trigger due process protections, the due process claim against Judge Sletvold does not give rise to a plausible basis for a constitutional claim.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Segreaves leave to proceed in forma pauperis and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). The dismissal will be with prejudice, because he cannot cure the defects identified above through amendment. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend need not be granted where "amendment would be inequitable or futile"). An appropriate Order will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

**/s/ John Milton Younge**
**JOHN MILTON YOUNGE, J.**