IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROSS J. SEGREAVES,                          :
    Plaintiff,                              :
                          :
    v.                                      :        CIVIL ACTION NO. 25-CV-1089
                          :
JUDGE JENNIFER SLETVOLD,                     :
    Defendant.                              :

**MEMORANDUM**

YOUNGE, J.                                                              JUNE  15, 2026

Plaintiff Ross J. Segreaves initiated this civil action by filing a *pro se* Complaint against

Judge Jennifer Sletvold.  (*See* ECF No. 1).  In a prior Memorandum and Order, the Court granted

Segreaves leave to proceed *in forma pauperis* and dismissed his original Complaint for failure to

state a claim.  (*See generally* ECF Nos. 20, 21.)  On Segreaves's motion, the Court granted him

leave to file an amended complaint.  (*See* ECF Nos. 24, 25.)  Currently before the Court are

Segreaves's Amended Complaint, (ECF No. 29), Judge Sletvold's Motion to Dismiss the

Amended Complaint, (ECF No. 35), and Segreaves's Brief in Opposition to the Motion to

Dismiss, (ECF No. 52).  For the following reasons, the Court will grant Judge Sletvold's Motion

and dismiss the Amended Complaint with prejudice.

I.       FACTUAL ALLEGATIONS[1]

The Court takes judicial notice that Judge Sletvold presided over two proceedings in the

---

[1] The facts set forth in this Memorandum are taken from Segreaves's Amended Complaint (ECF
No. 29).  The Court adopts the pagination assigned by the CM/ECF docketing system.  Where
the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be
cleaned up.  The Court may consider matters of public record when conducting a screening under
§ 1915.  *See Buck v. Hampton Twp. Sch. Dist.,* 452 F.3d 256, 260 (3d Cir. 2006)).  The Court
may also take judicial notice of prior court proceedings.  *See In re Ellerbe*, No. 21-3003, 2022

Northampton County Court of Common Pleas in which Segreaves was a defendant, and both dockets contain numerous entries labeled "Pro Se Correspondence" from Segreaves to the court throughout those proceedings.[2]  *See Commonwealth v. Segreaves*, Nos. CP-48-CR-0001443-2018 & CP-48-MD-0000197-2017 (C.P. Northampton); *see also Segreaves v. Segreaves*, 280 A.3d 4 (Pa. Super. Ct. 2022) (unpublished table decision), 2022 WL 1301976, at *1-4 (detailing Segreaves's various criminal convictions and sentences of incarceration between 2018 and 2021).  Segreaves asserts that, sometime after he sent correspondence in 2021, Judge Sletvold contacted "Captain Dunkle" at SCI Mahanoy, where Segreaves was then incarcerated, and that Judge Sletvold told Dunkle that Segreaves "was harassing her."  (Am. Compl. at 3.)  Dunkle gave Segreaves a "warning" in response by telling Segreaves that "[he] would be placed in the Hole . . . should [his] communication continue." (*Id.*)  As an exhibit to his Amended Complaint, Segreaves attached a request form dated July 11, 2021, in which he asked Dunkle: "Am I legally prevented from writing to Judge Sletvold still?"  The response states: "As per the cease communication order you were given, you are not permitted to correspond with Judge Sletvold. If you do so you will receive a misconduct."  (*Id.* at 5.)

In September 2023, Segreaves sent an "online news article" and a "self-created submission . . . to members of the Judicial Election Board . . . in [an] attempt to freely voice [his] opinion/dissatisfaction with Judge Sletvold's [conduct of his proceedings] . . . , [and] to sabotage her re-election." (*Id.* at 1.)  Segreaves alleges that "Board member(s) shared receipt of [his]

---

WL 444261, at *1 (3d Cir. Feb. 14, 2022) (*per curiam*) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988)).

[2]  The Court took judicial notice of these proceedings when screening Segreaves's initial Complaint.  (*See* ECF No. 20 at 1-2.)   Judge Sletvold's Motion to Dismiss includes as exhibits a docket sheet for case number CP-48-CR-0001443-2018, and numerous decisions to which this Court previously referred.  (*See generally* ECF No. 35 at 6-137.)

communication" with Judge Sletvold, and that he sent the online news article "to both Judge Sletvold and to the members of the Judicial Election Board." (*Id.* at 2-3; *see also* ECF No. 52 at 1-2 ("clarify[ing]" in response to the Motion to Dismiss that Segreaves "sen[t] a copy of the [online] news article to both [Judge Sletvold] and the Judicial Election Board").) Segreaves alleges that Judge Sletvold then called the SCI Phoenix Security Department to report that he was "harassing her," and that, as a result, he was "placed in the Hole/RHU" from September 19 to 21, 2023. (Am. Compl. at 2, 6.)

Segreaves alleges various injuries arising out of his two-day placement in restricted housing. (*Id.* at 3.) He asserts that Judge Sletvold's acts violated his First Amendment rights. (*Id.* at 4.) He seeks $48,000 in damages. (*Id.*)

## II.    STANDARD OF REVIEW

"A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.) "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir.

3

2016) (internal quotation marks and citations omitted).  In resolving a Rule 12(b)(6) motion, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

To determine whether a complaint filed by a *pro* se litigant states a claim, a court must accept the facts alleged as true, draw all reasonable inferences in favor of the plaintiff, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim."  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024); *see also Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (noting that *pro se* filings are construed liberally).

## III.    DISCUSSION

Segreaves asserts that Judge Sletvold violated his constitutional rights when she called the prison to report that he was harassing her with speech that he asserts is protected by the First Amendment.[3]  He brings claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court.  (*See* Compl. at 3.)  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[3]  Segreaves also asserts that his placement in restricted housing for two days violated his Eighth Amendment rights.  (*See* Am. Compl. at 1-4.)  Any such claim fails and will be dismissed for the same reasons discussed in screening Segreaves's original Complaint, (*see generally* ECF No. 20 at 5-7 & n.4 (citing, *inter alia*, *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) ("[S]o long as the conditions of . . . confinement are not foul or inhuman, and are supported by some penological justification, they will not violate the Eighth Amendment."))), so the Court's analysis is focused on Segreaves's First Amendment claims.

Judge Sletvold first argues that Segreaves's claims are barred by judicial immunity.[4] (*See* ECF No. 35 at 187-89.)  Judges are entitled to absolute immunity from § 1983 civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they did not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge."  *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'"  *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).  Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others, *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

Judge Sletvold argues that because she "had jurisdiction over [Segreaves]'s criminal case

---

[4]  Judge Sletvold also argues that any claims brought against her in her official capacity—as opposed to her individual capacity—are barred by sovereign immunity.  (*See* ECF No. 35 at 186-87.)  The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages.  *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  The Commonwealth of Pennsylvania has not waived that immunity.  *See* 42 Pa. Cons. Stat. § 8521(b).  Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment.  *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  The Courts of Common Pleas, as part of Pennsylvania's unified judicial system, share in the Commonwealth's Eleventh Amendment immunity.  *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005).  Because any suit against Judge Sletvold in her official capacity is really a suit against the Court of Common Pleas, and therefore against the Commonwealth, the Eleventh Amendment bars that claim.

when [she] issued any sentencing Orders or relevant conditions, she acted within the scope of her jurisdiction," and is therefore entitled to judicial immunity. (ECF No. 35 at 189.) To the extent that her actions were taken pursuant to an order or condition that she instituted while overseeing Segreaves's criminal proceedings, judicial immunity shields those actions from liability.

The Court understands Segreaves to argue that Sletvold acted outside her authority, because his communication to the "Judicial Election Board" was political speech about Sletvold's re-election. (*See* ECF No. 52 at 1-2.) The Court also notes that, while Judge Sletvold appends one of Segreaves's docket sheets and numerous state court opinions issued between 2019 and 2021, those documents do not include any indication of communication by Segreaves in September 2023. (*See* ECF No. 35 at 31 (listing on docket sheet "Pro Se Correspondence" from Segreaves in March 2022, and then "Pro Se Correspondence – PCRA Motion" in July 2024, but no intervening entries).) Judge Sletvold asserts that "[i]t is unclear what alleged correspondence or communication [Segreaves] sent to whom," and only generally that she "issued . . . sentencing Orders [and] relevant conditions." (*Id.* at 189.) However, Segreaves's Amended Complaint includes details about the content and timing of his September 2023 communication, and Judge Sletvold's Motion does not cite any specific order or sentencing condition that she imposed upon Segreaves during his criminal proceedings that would be relevant to her contacting SCI Phoenix to report harassing communications in September 2023.[5] Taking the allegations in Segreaves's Amended Complaint as true, he has plausibly alleged that Judge Sletvold's actions might not be entirely insulated from this Court's scrutiny on the basis of

---

[5] In the exhibit dating from July 2021, when Segreaves was housed at SCI Mahanoy, there is a reference to a "cease communication order," but it is not clear what order that refers to, whether it was issued by Judge Sletvold or by officials at SCI Mahanoy, and whether it remained in effect in September 2023 at SCI Phoenix. (*See* Am. Compl. at 5.)

6

judicial immunity.

Nonetheless, Judge Sletvold argues that Segreaves fails to state sufficient facts to support a claim that her alleged actions amounted to First Amendment retaliation.  (*See* ECF No. 35 at 189-91.)  In order to state a plausible First Amendment retaliation claim, "a prisoner must allege that: (1) he was engaged in constitutionally protected conduct, (2) he suffered some adverse action at the hands of prison officials, and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to take that action."  *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (internal quotation marks omitted) (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)); *see also Coit v. Garman*, 812 F. App'x 83, 86 (3d Cir. 2020) (*per curiam*) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)).

An adverse action "is one sufficient to deter a person of ordinary firmness from exercising his First Amendment rights," and "need not be great in order to be actionable; rather, it need only be more than *de minimis*."  *Watson v. Rosum*, 834 F.3d 417, 422 n.6, 423 (3d Cir. 2016) (cleaned up) (first quoting *See Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000); then quoting *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006)).  Although an adverse action might not "standing alone . . . violate the Constitution," it may still be sufficient to support a retaliation claim, because "a prisoner litigating a retaliation claim need not prove that he had an independent liberty interest in the privileges he was denied."  *Rauser*, 241 F.3d at 333 (citing *Allah*, 229 F.3d 224-25).  "[B]eing placed in lockdown, being moved to restricted housing, and being issued misconduct charges are more than '*de minimis*' adverse actions." *See Palmore v. Hornberger*, 813 F. App'x 68, 70 (3d Cir. 2020) (*per curiam*) (quoting *McKee*, 436 F.3d at 170); *see also Mitchell*, 318 F.3d at 530-31 ("Mitchell's allegation that he was falsely charged with misconduct in retaliation for filing complaints against Officer Wilson implicates conduct

protected by the First Amendment.").

Segreaves's allegation is that he sent a communication opposing Judge Sletvold's re-election to unspecified "members of the Judicial Election Board" and to Judge Sletvold herself; that Judge Sletvold then called SCI Phoenix to report that Segreaves was harassing her; and that he was placed in restricted housing for two days "under investigation" as a result. As Judge Sletvold notes, SCI Phoenix has its own inmate mail and misconduct policies, and the allegations in Segreaves's Amended Complaint center on adverse action—misconduct and placement in restricted housing—taken by prison authorities in response to Segreaves's communications. (*See* ECF No. 35 at 190.) Judge Sletvold thus appropriately frames the issue as whether her alleged call to SCI Phoenix to report harassment caused the third-party actors (*i.e.*, the prison authorities who are not named as Defendants) to take that adverse action. (*See id.* at 190-91.)

> When a public official is sued for allegedly causing a third party to take some type of adverse action against plaintiff's speech, we have held that defendant's conduct *must be of a particularly virulent character*. It is not enough that defendant speaks critically of plaintiff or even that defendant directly urges or influences the third party to take adverse action. Rather, *defendant must "threaten" or "coerce" the third party to act*.

*Zaloga v. Borough of Moosic*, 841 F.3d 170, 176 (3d Cir. 2016) (quoting *McLaughlin v. Watson*, 271 F.3d 566, 573 (3d Cir. 2001)). The U.S. Supreme Court has primarily applied this framework when a government official is alleged to have enlisted a private party to suppress another's speech. *See, e.g.*, *NRA v. Vullo*, 602 U.S. 175, 190 (2024) ("[A] government official cannot do indirectly what she is barred from doing directly: A government official cannot coerce a private party to punish or suppress disfavored speech on her behalf." (citing, *inter alia*, *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 67-69 (1963))). However, the United States Court of Appeals for the Third Circuit has applied the same test where one government official is alleged to have enlisted another government official for the purpose of suppressing a plaintiff's speech,

8

for example, where a borough president allegedly pressured members of a county prison oversight board to discontinue the plaintiff's contract with the county, *see Zaloga*, 841 F.3d at 172-77, and where a U.S. Attorney allegedly pressured a state attorney general's office to take adverse personnel actions against plaintiffs, *see McLaughlin*, 271 F.3d at 569, 573-74.

As Judge Sletvold argues, "there is no plausible allegation that Judge Sletvold threatened punishment or adverse regulatory action against the prison, nor would she have any such authority." (ECF No. 35 at 191.) Segreaves alleges only that Judge Sletvold called the prison and reported harassing communications; he does not allege that she coerced or threatened any prison official in service of retaliating against him for protected speech.

Therefore, taking Segreaves's allegations as true, either Judge Sletvold called the prison to report that Segreaves had violated an order or condition of his sentence, and she is thus protected by judicial immunity, or her acts fell outside the scope of immunity and she can only be liable if she threatened or coerced prison officials to assist in retaliation against Segreaves, which he does not plausibly allege. In either case, Segreaves has failed to state a claim to relief.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Judge Sletvold's Motion to Dismiss. Segreaves's Amended Complaint is dismissed with prejudice, because the Court concludes that further amendment would be futile. *See Grayson v. Mayview State Hosp*., 293 F.3d 103, 108, 110 (3d Cir. 2002); *see also Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story"). An appropriate Order will be entered separately.

BY THE COURT:

*/s/ John Milton Younge*
**JOHN MILTON YOUNGE, J.**

9